UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HEATHER LEONARD, )<br>　　Plaintiff, )<br> )<br>　vs. )<br> )<br>MEIJER STORES LIMITED )<br>PARTNERSHIP, )<br>　　Defendant. ) | 1:11-cv-854-RLY-TAB |

**ENTRY ON PLAINTIFF'S MOTION TO REMAND**

This case originated in the Madison Superior Court, where Heather Leonard ("Plaintiff") filed suit against Meijer Stores Limited Partnership ("Defendant"), asserting a claim of negligence. Defendant timely removed this action to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §§ 1332 and 1441(a). Now before the court is Plaintiff's Motion to Remand. Plaintiff argues that removal was improper because the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332. For the reasons set forth below, Plaintiff's Motion for Remand is **GRANTED**.

**I.　Background**

On March 16, 2011, Plaintiff commenced the instant negligence action against Defendant in Madison Superior Court. Plaintiff alleges that she slipped and fell on a liquid substance while shopping at Defendant's store, and seeks to recover, *inter alia*,

1

damages relating to her medical expenses, pain and suffering, permanent injury, and loss of wages. (Amended Complaint ¶¶ 3, 6). On May 26, 2011, in response to Defendant's Request for Admissions, Plaintiff denied that her total alleged damages exceeded $75,000. (Plaintiff's Response to Request for Admissions ¶ 4). On June 24, 2011, Defendant removed the case to the United States District Court for the Southern District of Indiana, on the basis of diversity jurisdiction. (Notice of Removal ¶ 4). On July 7, 2011, Plaintiff filed the instant Motion to Remand, alleging that Defendant fails to establish that the jurisdictional amount in controversy has been met.

## II.     Discussion

Pursuant to 28 U.S.C. § 1441(b), a defendant may remove a case from state court to federal court if it might have been brought originally in federal court. Defendant contends that this court has original jurisdiction of this case based on diversity of citizenship under 28 U.S.C. § 1332(a). Plaintiff does not dispute that the parties are citizens of different states, and, thus, the only inquiry is whether the amount in controversy exceeds the sum or value of $75,000.

As the party invoking federal jurisdiction, Defendant bears the burden of establishing by a preponderance of the evidence facts indicating that the amount in controversy requirement is met. *Carroll v. Stryker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011) (citations omitted). To meet its burden, Defendant must show "not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)

(emphasis in original).

Defendant argues that the amount in controversy exceeds $75,000 because it is "not an unreasonable estimate" of the damages a jury may award Plaintiff based on her actual damages and future medical expenses. In her responses to Defendant's Requests for Admissions, Plaintiff admits that she is seeking damages listed in her Complaint, receiving treatment for injuries sustained as a result of the accident, and seeking damages for future expenses and costs yet to be incurred. (Plaintiff's Response to Defendant's Request for Admissions ¶¶ 1-3). However, Plaintiff denies that her damages exceed $75,000. (*Id.* ¶ 4). Thus, while the stakes of the litigation could exceed $75,000, Plaintiff's actual demand, as conclusively established by her admission, is less than $75,000. *See* IND. T. R. 36(B) (stating that "[a]ny matter admitted under this rule is conclusively established . . . ."); *see also Walker v. Emp'rs Ins. of Wausau*, 846 N.E.2d 1098, 1102 (Ind. Ct. App. 2006) (noting that "[t]he purpose of an admission is not to 'discover' a fact, but to 'establish' a fact conclusively" (citation omitted)). Furthermore, the Seventh Circuit permits a plaintiff to "defeat removal of a diversity case by irrevocably committing (before the case is removed) to accepting no more than $75,000 in damages, no matter how great her actual damages." *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (citing *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830-31 (7th Cir. 2011)). Because the amount "in controversy" is less than $75,000, the court must **GRANT** Plaintiff's Motion to Remand.

### III. Conclusion

For the above stated reasons, Plaintiff's Motion to Remand (Docket # 9) is

**GRANTED**. This cause is hereby remanded to the Madison Superior Court.

**SO ORDERED** this 20th day of March 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Arthur Charles Johnson II
JOHNSON RUPPA & IVANCEVICH LLC
acj@johnsonrappa.com

Steven C. Smith
SMITH CARRILLO & REEDER
ssmith@scrlaw.net